MAY NUDEL and HYMAN NUDEL, Respondents, v. S. & H. TRUCKING CORP., Appellant.— Action by respondent May Nudel to recover damages for personal injuries sustained through defendant's negligence in the operation of its motor truck, and by her husband to recover for loss of services. On the opening of the trial defendant conceded liability. The jury rendered a verdict in favor of the plaintiff wife in the sum of $4,000, and in favor of the husband in the sum of $1,000. Defendant appeals from the judgment and from an order denying its motion for a new trial. The sole ground of the appeal is that the verdicts are excessive. Judgment and order reversed on the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon the plaintiffs stipulate to reduce the verdict in the plaintiff wife's action to $1,500, and in the husband's action to $500; in which event the judgment, as so reduced, and the order are unanimously affirmed, without costs. In our opinion, the verdicts are excessive. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL P. GUINEY, Relator, v. LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Respondent.— Proceeding to review by certiorari the action of the police commissioner of the city of New York in dismissing the relator from the police department after a trial on charges of conduct unbecoming an officer and prejudicial to good order and efficiency, and intoxication. The evidence is insufficient to sustain the charges. The testimony of the relator as to what occurred at the time he questioned Autorino is not controverted and is substantially corroborated by the testimony of Autorino. Consequently the first two specifications fall for lack of evidence to support them. As to the charge of intoxication, the department surgeon who examined the relator one hour after he was taken to the station house found the relator fit for duty. In view of the fact that he was off duty at the time the affray occurred, the evidence as to intoxication fails. (*People ex rel. Baran* v. *Waldo*, 162 App. Div. 345.) The determination is annulled, the certiorari proceeding sustained, and the relator reinstated, with fifty dollars costs and disbursements. Hagarty, Johnston and Close, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote to confirm the determination and dismiss the proceeding.

JEANNIE S. SCHIERLOH, Respondent, v. ROBERT E. KELLY and Others, Copartners Composing the Firm of Attorneys McQUISTION AND MALCOLM, Appellants.— In an action for damages claimed to have resulted from the alleged malicious prosecution of civil actions, order vacating a demand served by defendants for a bill of particulars as to certain allegations contained in the complaint reversed on the law and the facts, without costs, motion to vacate denied, and plaintiff directed to furnish a bill of particulars as to items 3-B to 3-H, both inclusive, 9-D to 9-H, both inclusive, and 11-A, specified in defendants' notice of demand. The bill of particulars is to be served within ten days from the entry of the order hereon. In our opinion, these items are proper subjects for a bill of particulars and as to them the plaintiff's motion to vacate should have been denied. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.